LOUISIANA DEPARTMENT OF PUBLIC SAFETY
OFFICE OF STATE POLICE
CRIME LABORATORY
P.O. BOX 66614–BATON ROUGE, LOUISIANA 70896
(504) 925-6216  LINC 427-6216
REQUEST FOR SCIENTIFIC ANALYSIS
(Please Print)

Submitting Agency File No.

(If Known)

LAB. No. _137-8_

Page: _1_  of _1_

Submitting Agency: FRANKLINTON POLICE DEPT

Case Officer: D. MILLER

Address: 803 PEARL ST. FRANKLINTON LA 70438

Phone: 839-4474

Examination Requested: SERO.

Subject(s): 1 DAVID WILLIAMS   2   3

Victim(s): 1 Ethel O. Thompson   2   3

Investigation: 66 RAPE

Parish: WASHINGTON

Itemize and Describe Evidence:

1, BLOOD SAMPLE KIT – from VICTIM

2, PLASTIC BAG – SHOES – SUSPECT

3, PLASTIC BAG CLOTHING · SUSPECT

4, PLASTIC BAG – CLOTHING   SUSPECT

5, PLASTIC BAG – COMB  – SUSPECT

6, PLASTIC BAG – CLOTHING – VICTIM

7, PLASTIC BAG – BED CLOTHES – VICTIM'S BED –

Evidence Delivered By : W. Bateman        Date: 1-8-82

Becky S. Cook
(Signature of Person Receiving Evidence at the Laboratory)

Date 1-8-82        Time: 10:0

FOR LABORATORY USE ONLY

SP 4606 (R 10/80)

This form will be returned when laboratory No. has been affixed and form signed by the person receiving evidence.

EXHIBIT B

STATE OF LOUISIANA

VERSUS  37,096

DAVID LEE WILLIAMS

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

STATEMENT BY THE CLERK

C.CR. P ART. 892

I.   Name and address of Judge Participating in Case:

> Hon. Hillary J. Crain
> District Judge
> Courthouse Building
> Franklinton, Louisiana

II.  Name and address of District Attorney or Assistant
     District Attorney Participating in Case:

> Hon. William J. Knight
> Assistant District Attorney
> Courthouse Building
> Franklinton, Louisiana

III. A Suspensive appeal  xxxxxxxx  (has not) been granted.

IV.  Documents Attached:

> A.  Certified Copy of Indictment or Bill of Information
>
> B.  Certified Copy of Minutes of Sentencing

Franklinton, Louisiana, this the __15th__ day of

__September__   19 _82_ .

_____
DEPUTY CLERK OF COURT
CRIMINAL DIVISION
WASHINGTON PARISH
FRANKLINTON, LOUISIANA

Exhibit "B-2"

A True Copy of Original

This __Sept 15__ 19 82

_____
Dy. Clerk of Court

Act 707

Section 1. Section 5.7 of Title 13 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:

§5.7. Retirement pay or pension; exemption from taxes and execution

Any retirement pay or pension paid to any judge or the surviving spouse of any judge under the unfunded judicial retirement plan is exempt from any state or municipal tax, and is exempt from levy and sale, garnishment, attachment, or any other process whatsoever.

Section 2. The provisions of this Act shall be applicable to all taxable years beginning after December 31, 1980.

Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.

Section 4. All laws or parts of laws in conflict herewith are hereby repealed.

Approved by the Governor: July 23, 1981.

Published in the Official Journal of the State: August 11, 1981.

A true copy:

JAMES H. "Jim" BROWN
Secretary of State.

_____

ACT No. 707

House Bill No. 521.

By: Messrs. Grisbaum, Hainkel, Bleich, Brady, Bruneau, Byrnes, Carson, Faucheux, Heaton, McVea, Schmitt, Scogin, Strain, Watermeier and Weaver and Senators Windhorst, O'Keefe, Ginn, Jefferson, and Saunders.

AN ACT

To amend and reenact Section 42 of Title 14 of the Louisiana Revised Statutes of 1950, relative to the crime of aggravated rape, to provide for the definition of such crime; and to otherwise provide with respect thereto.

Be it enacted by the Legislature of Louisiana:



Act 707

Section 1. Section 42 of Title 14 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:

§42. Aggravated rape

Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or

(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or

(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or

(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.

Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.

Section 3. All laws or parts of laws in conflict herewith are hereby repealed.

Approved by the Governor: July 23, 1981.

Published in the Official Journal of the State: August 11, 1981.

A true copy:

JAMES H. "Jim" BROWN
Secretary of State.

————

ACT No. 708

House Bill No. 594.

By: Mr. Reilly.

AN ACT

To provide for the recreation for a period of four years, effective July 1, 1982, of the office of the state treasurer, a statutory

1374

## ORDER FOR BOND

It appeared to the Court in this case that the crime with which the within accused is charged, is a bailable offense under the laws of this State.

It is ordered by the Court that the within accused _____ be released from custody on giving bond in the sum of _____ _____ DOLLARS conditioned as the law directs. Said bond to be approved by the Sheriff of this Parish.

This the _____ day of_____ _____, 197___.

_____
District Judge

No. _____

STATE OF LOUISIANA

Versus

DAVID LEE WILLIAMS

INFORMATION FOR

Aggravated Rape and

Armed Robbery

Dy. Clerk of Court

Exhibit  B-3

STATE OF LOUISIANA

PARISH OF WASHINGTON

Twenty-Second Judicial District Court _____ January _____ Term, 19__2

    To the Honorable, the Twenty-Second Judicial District Court of Louisiana, sitting in and for the Parish of Washington, comes now into open court the undersigned District Attorney of the 22nd. Judicial District of Louisiana, in the name and by authority of said State, informs the said Honorable Court:

    That one _____ DAVID LEE WILLIAMS _____

_____

_____

late of the Parish of Washington, on the __3rd____ day of _____January_____, in the year of our Lord, one thousand nine hundred and ____ Eighty One _____, in the Parish of Washington aforesaid, and within the jurisdiction of the Twenty-Second Judicial District Court of Louisiana, for the Parish of Washington.

            In violation of LSA R.S. 14:42 committed aggravated
            rape on Mrs. Ethel Thompson, a person over 65
            years of age in violation of LSA R.S. 14:50.1

            AND  In violation of LSA R.S. 14:64 committed
            armed robbery upon Mrs. Ethel Thompson, a person
            over 65 years of age in violation of LSA R.S. 14:50.1.

                                    A True Copy of Original
                                    This _____ 1982
                                    _____
                                    Dy. Clerk of Court


contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same.

                            _____
                            Asst. District Attorney, 22nd Judicial District of Louisiana

STATE OF LOUISIANA

VERSUS NO.37,096

DAVID LEE WILLIAMS

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

E X T R A C T   O F   M I N U T E S

MAY 17, 1982
HON. HILLARY J. CRAIN, PRESIDING

This matter came on for sentencing.  Present, William J.
Knight, Assistant District Attorney, Thomas J. Ford, attorney
for the defendant, David Lee Williams.  Whereupon, the defendant
having been tried by a jury of having committed the crime of
aggravated rape, the jury having convicted the defendant of the
same, the Court after conviction by the jury having ordered a
pre-sentence investigation, the defendant being present in open
Court in person and through counsel for sentencing and having
stated to the Court that he is twenty five years of age, the
statute under which the defendant was convicted carring a mandatory
penalty accordingly, the Court sentenced the defendant to life
inprisonment at hard labor with the Louisiana Department of
Corrections without benefit of parole probation or suspension of
sentence.  At this time, Mr. Ford filed a motion for appeal and
requested a return date be set.  Whereupon, the Court set the
return date for July 17, 1982.

A True Copy of Original

This _Sept. 15_ 198_2_

_[signature]_

Dy. Clerk of Court

STATE OF LOUISIANA

VERSUS NO. 36,096

DAVID LEE WILLIAMS

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

TO:  BILLY GILL          SHERIFF OF THE PARISH OF WASHINGTON, AND

TO THE KEEPER OF THE LOUISIANA STATE PENITENTIARY----GREETING:

Whereas, by a decree of the Honorable Twenty-Second Judicial District Court of the State of Louisiana, in and for the Parish of Washington,  DAVID LEE WILLIAMS  has been adjudged guilty of

AGGRAVATED RAPE

and sentenced by said Court to imprisonment at hard labor for the term of  LIFE, WITHOUT BENEFIT OF PAROLE, PROBATION, OR SUSPENSION OF SENTENCE

YOU ARE THEREFORE HEREBY COMMANDED to convey the said

DAVID LEE WILLIAMS  to the State Penitentiary at Angola, La.

and there deliver  DAVID LEE WILLIAMS  , with this warrant, to the keeper of said Penitentiary, who is hereby authorized and commanded to receive and keep  DAVID LEE WILLIAMS  in safe custody for and during said term of  LIFE, WITHOUT BENEFIT OF PAROLE, PROBATION OR SUSPENSION OF SENTENCE

and this shall be your and his warrant for so doing.

WITNESS the Honorable  HILLARY J. CRAIN Judge of our said Court, my official signature and seal of office, at Franklinton, Louisiana, this  15th day of  September  , 19 82 .

_DEPUTY CLERK OF COURT_



# Johnny D. Crain

Clerk of Court and Ex-Officio Recorder
22nd Judicial District Court
Washington Parish

P. O. Box 607 • Franklinton, LA 70438

Franklinton (504) 839-4663 • Bogalusa (504) 732-7189

January 29, 1999

David Lee Williams
#98840, Magnolia Unit - 1
Louisiana State Penitentiary
Angola, Louisiana 70712

Dear Mr. Williams,

    Please find enclosed a copy of the Bill of Information filed by the State of Louisiana in your case #82-CRC-37096.  If this office can be of further assistance to you in this matter, please don't hesitate to call on us.

Sincerely,

*Kaye Ladner*

Kaye Ladner
Deputy Clerk

*Exhibit ▬ "C"*

NO. _____     Crime Against Persons     NO. _____

Classification

Name of Complainant                          Address                    Phone

**Offense:** Ethel O. Thompson     623 13th Ave

**Charges on David Williams** (1) Ass Rape (2) Perpetration of crime victim over 65 (3) Ass. Burglary (4) Armed Rob

DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:
(Investigating Officer must sign)

Page No. # 1                                    Date Jan 3,

On January 3, 1981 a call came into P.O. reporting Ero___
Mrs Ethel O. Thompson at 623 13th Ave. she had been ta___
& Robbed. myself & Ptn Fox Worth responded to the call & a___
almost immediatly. Arrival time being 0421 - call time ___
0421.

Upon arrival at 623 13th Ave. Mrs Ethel Thompson sho___
me & told me what happened. she stated that she was i___
bed asleep & heard a loud noise coming from the ki___
She stated she got out of her bed to investigate & went
into Hallway & observed a big b/m standing in the ki___
She stated that she recognized the subject to be Dav___
Magee or Williams. she stated that he threw her on th___
bed & covered her face with a pink robe & told he___
he had a knife & to be quiet, that all he wanted
her money. she said she was having problems breath___
& begged him to take the robe from her face. she s___
he then raped her. She was scared he was going t___
kill her. She told him where the money was. He took ___
Wallet which contained a large sum of money & left
she also told me that he took a shoulder roast, whic___
she had cooked the day before & left through the fro___
door.

Mrs Thompsons house is arranged with front of
her house facing West on 13th Ave. Her bedroom is on___
north side of the house & kitchen is on the south
end of the house. The bedroom is seperated by a ha___

25 INVESTIGATING OFFICER(S) Sgt Dexter Miller
Off. Harold Varnado

26 REPORT MADE BY Sgt Dexter Miller  DATE ___

27 CASE FILED    Yes ☐   No ☐        28 THIS CASE IS                         29 APPROVED BY

Cleared by arrest ☐   Unfounded ☐   Inactive ☐   Other ☐

FORM 116-3R
PRICE GROUP A

EXHIBIT D1

# SUPPLEMENTARY REPORT

NO._____                    Classification                    NO._____

Name of Complainant                          Address                          Phone N

Offense

DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:
(Investigating Officer must sign)

Page No. __#2__                                              Date_____

+ in dining Room. She had a night light on Just inside
dining room.



she showed me the window where Williams came through the w
mud was on the floor + a shoe print was visible. The def. app
fell down because slide marks was on the floor + the door
to the stove was open. She stated she recognized the de
due to the fact the night light was on.

she told me she had taken a bath before calling the p
because she felt dirty.

I obtained at the scene (1) one pink robe, which had
been used by the Perpetrator to cover the victims face, (1)
sheet (blood stained) from the bed, where the rape took place,
oven comb (hair) left at the scene by the Perpetrator.

Ptn. Foxworth took the victim, Mrs Thompson, to the Rivers

25 INVESTIGATING OFFICER(S)_____        26 REPORT MADE BY_____        DATE

27 CASE FILED          28 THIS CASE IS                29 APPROVED BY

Yes ☐  No ☐  | Cleared by arrest ☐  Unfounded ☐  Inactive ☐  Other ☐ |

#3

Date_____ Page No. 3

**STATEMENT OF:**

medical center. A Rape kit used by the Hospital obtain the proper evidence pertaining to the rape. The victim was treated at the Riverside & later released.

While I was at the victims residence I called T. Police Dept. & requested Det. Harold Varnado's assistance.

Detective Harold Varnado & myself left the scene of the crime to find David Williams & left Ptl. Lynn Aumand at the scene to fingerprint & take photograph. We went to the residence of J.W. Magee 605 8th Av where David Williams was asleep on a couch. He was arrested & cuffed & placed into the patrol unit. Det. Harold Varnado read the def. His maranda warning rights & was then transported to the Police Dept for booking Arrest time being 05.19.

When the def. was arrested it was noticed by myself & Det. Varnado that the def. had a spot on his underwear upon arrival at the Police Dept. The def's clothing was & placed in bags for evidence. His underwear had a spot on them, which appeared to be blood. It is standard procedure for this Dept. to perform a strip search on all felony charges for weapons & other contraband. a reason for removal of the clothing was fear that the evidence could be lost or destroyed. Necessary force had to be used to remove clothing from the def.

EXHIBIT D3

Date_____ Page No. 5

**STATEMENT OF;**

The def. was given other clothing to cover his be
The shoes of the def. was placed also as evidence due to the
fact that the pattern on the heel of the shoe was the
same pattern as the shoe ~~totally~~ worn by the perpetrat

The def. was booked on the following charge
#(1) Aggravated Rape (RS 14:42)
#(2) Perpetration of crime with victim over 65 (RS 14:5
#(3) Aggravated Burglary (RS 14:60)
#(4) ~~Ag~~ Armed Robbery (RS 14:64)
The def. rights relating to bond was read to him, which
he signed. The def also signed his rights relating to
questioning. A statement was not obtained from th
def.

The def. was photographed & finger printed. He was th
taken to the Riverside Medical Center (upon request F.
Assistant District Attorney Bill Burris) where a
rape kit on the def. was taken.

The def. was transported to the WPSO to be
placed in jail in lieu of bond.


Evidence locked up at Police Dept.


(1) def's Rape Kit
(2) def's Shoes, shirt, & pants & underwear (blood stained)
(3) comb left at the scene of crime
(4) Victims Rape Kit & Blood sample
(5) Sheet (blood stained) removed from bed
(6) Robe used to cover victims face

EXHIBIT IV.

Date_____  Page No. 5

**STATEMENT OF:**

The evidence was locked up in evidence lockup. Necessisary evidence prepared to be taken to the Crime Lab in Baton Rouge, LA.

At app. 9:45 P.M. before going home I went back to the victims house at 623 13th Ave to make sure that mrs Thompson was O.K. upon arrival mrs Thompson showed me a stack of money & napkin full of change that J.W. magee brought to her. She stated she knew it was her money because one of the houndred dollar bills had red ink on it.

Statements were taken from J.W. magee & Patric magee concerning the recovery of the money.

*NO identification of money from D. A's files*

This is a statement given by Mrs. Ethel O. Thompson, black/female age 82 dob 04-22-1899, given in front of Patrolman Tonya Bickham and Patrolman Lynn Armand.

Bickham: Mrs. Ethel we want you to tell us what happened, everything you can remember from the first of the story

Thompson: well, I was asleep when I heard some noise, but I wasn't too sound asleep because I had gotten up when I heard thunder and lightning and disconnected the stereo and the t.v. and the radio, so I went back into my bedroom and turned, you know, turned the wall light on to see how to go into to disconnect the t.v. I left it on, that's something I don't usually do, unless somebody is in the house with me you know, somebody come to visit. Uh, I went back and lied down and I went off to sleep, I just don't know about how long I slept anyway I finally heard this noise, like somebody uh, that run into something. And I jumped up in the bed, sat up in the bed, and I said what on earth is happening. And just as I went to get off of the bed to see if I could see anybody or anything around he entered the door. O.K. the kitchen is straight back this way, this is my bedroom here, and I had went up the bedroom to a little hallway that leads to the bathroom and through to the dining room. He was coming in this dining room door. He'd had gotten in the window in the back, in the kitchen and I think what happened this noise I heard he must have jumped off of the uh, sink on the floor and ran into the stove. And that's what waked me up, really and when I looked up and saw it was a man, I commenced screaming, he rushed for me and said hush up, I'll kill you. And he took, I had a pink robe on that went on the bed and he first put his hand over my mouth, put his hand like this over my mouth, he said where is your money? And I tried to tell him I said well you'll have to let me breathe, I can't even breathe. He kind of raised and lifted his hand up and said where is your money? Tell me where it is? Don't tell me no lie, where is your money? I said it's right down here. He said down where? I said my purse it's right there by the side of the bed, between the bed and the telephone stand. So he got it, said give me your money, so I finally got my hands freed where I could get my hand in the pocketbook. He opened it. And then he got my pocketbook, my billfold out and he said is this all the money you've got? I said no there's somemore in there. I said just let me a loose and you can have everything in the purse. I said I just want to be free where I can breathe. But he was 'fraid he said I would do something to him and it would make him kill me. So, I said well just let me go I said just let me be free, I'll give you the money. So he took the pocketbook and he said, sat it off on the foot of the bed and he said you're going to, you're going do me something, do something for me tonight. He said when have you had any? And I said oh, goodness I said oh, 10 years. What you saving it for and all that kind of stuff and he was rude. So anyway, he went on and did that just that and when he finished he put that thing back in my face and told me don't you move. He said you want to see me to see who I am. And so I kind of slid it up and got, I said please just take the money and leave my purse and all my important papers, everything's in it. Well, where about's the purse, he said. He said something about he'd be back, but when he went out he went out the door he came in, the dining room door and went by the end of the table towards the front door, and I had (unable to understand) wrapped it up in foil. And he got that and went out, of course I didn't know what he got, when I, when he stopped I could hear this paper, but he was taking it out, off the, I thought he was searching my purse, really. I thought he was going to leave the purse there, but he didn't, he took that ham and went out the front door and told me not to move, so I didn't move until I thought I heard the latch going out the front gate. And I don't know which way he went. But I was wanting to see which way he went, so the boy I'm thinking of, you know where he lives, up on the corner there in the same block with me. And I just, when I got, did get up and get to the door, he had gone. I don't know which direction he went.

Bickham: o.k. when he told you, that you were going to do something for him, did he take your clothes off or

*face 1*

2.

Thompson: huh-uh

Bickham: he unzipped his pants?

Thompson: uh-huh

Bickham: or whatever

Thompson: uh-huh

Bickham: he had on pants?

Thompson: yea

Bickham: blue jeans or something?

Thompson: I really don't know, but I believe he had on dark pants, I could just see him as he come in by the light.

Bickham: yes, ma'm

Thompson: I know he had on dark pants, I don't think I could describe them to you. I was frightened.

Bickham: uh-huh

Thompson: and so

Bickham: he unzipped his pants

Thompson: yea

Bickham: and then he got on you?

Thompson: yea, sure did - he held my mouth covered for so long, I just thought I wouldn't live through. Well if I had heart condition I know I would not have. Cause it upset me.

Armand: Mrs. Thompson about what time of the morning was this?

Thompson: I would say, I would judge it must have been about, around two thirty, two-thirty five, something like that cause after he had gotten (unable to understand) performance and gotten out I dialed the time, I dialed the time (unable to understand) to see, just to see what time it was and then it was 4:21.

Armand: then it was about 3:45 this morning?

Thompson: I would say that.

Armand: On January 3, 1982

Thompson: uh-huh

Armand: (unable to understand)

Thompson: I really dialed the time, I just wondered what time of the morning was it. Anybody prowling around that time (unable to understand) and that's what the time said 4:21. It said 4:21.

*Page 2*                                    *Exhibit*

Armand: about how much money was taken?

Thompson: I had took a hundred dollars out to pay something and I think I had around three hundred and eighty-three hundred and eighty dollars or something like that.

Armand: Three hundred and eighty dollars

Thompson: (unable to understand) and then I had a little twelve dollar check for $12.61, and that was in there   and hadn't been cashed, but my name is on it.

Armand: (unable to understand question)

Thompson: yea, it was in the pocketbook – I guess he carried the pocket book somewhere cause he could have, you know searched out what he wanted. I just wish I had my papers and all the other things, you know.

Armand: did he strike you at any time?

Thompson: no, he just took his hand and put over my mouth and whenever he would move his hand he would push that robe back down a little.   He thought I was trying to see him but I was really trying to protect myself so I could breathe. Because one while it looked like he was just going to smother me to death.

Armand: could you recognize him again?

Thompson: I don't know but one person in the world that I could think of that it looked like (unable to understand)

Armand: (unable to understand)

Thompson: (unable to understand) you know who he is

Armand: I found a comb on your night table

Thompson: yes

Armand: is this his comb?

Thompson: yes, it's his – he left it here

Armand: unable to understand

Thompson: unable to understand – he told me he would kill me, one time he told me he would cut my , cut my stomach, guts open, something like that. He said something about cut your navel out. I don't know, something rude, language he used and I don't know if he meant it – I didn't know. That's no need in somebody fucking with somebody, come in on them that way, you don't know, then I couldn't man handle him. I tried, because when he pushed me back down on that bed and held his hand over my mouth and I tried my best to get away, get aloose from him. It wasn't no way. There was no way.

Armand:   can you give us a general description of him?

Thompson: how's that

Armand: could you give us a general description of him?

Thompson: I don't know, I don't think he's as tall as you are. And heavier seemingly.

4.

Thompson: (unable to understand) bushy headed.

Bickham: what about his complexion?

Thompson: I think he was (unable to understand) I only saw him as he was walking in by the light, you see.

Armand: thin - muscular built?

Thompson: a big stout fellow.

Armand: muscualar built? hwo long would you say he stayed in the house?

Thompson: I would say around about 45 minutes. I'm just judging. I really don't know. It seemed like a long time to me, because I really thought he probably would just destroy me. And what I was really struggling for more than anything else was breathe. It seemed he just tried to smother me.

Armand: he did rape you?

Thompson: uh-um, It's just not for anybody to say what can't be done. If I've already said it I won't say it again. Because when people catch you (unable to understand) you can't do anything, you're not strong enough to really, you know, fight back and struggle with them. There's nothing for you to do but just give in. To spare your life I don't know if he really would kill me or not, but he kept repeating that, you know, but he may have.

Armand: how old are you?

Thompson: eighty-two,

Armand: eighty-two

Thompson: I'll be eighty-three about the middle of April.

Armand: where was the roast that he took (unable to understand)

Thompson: how's that?

Armand: the roast that he took

Thompson: it was on the table, dining table. I boiled it last night and set the pot off of the stove so it could cool. When I had given it time to cool some I went back in with a platter, put it on a platter, got a piece of foil and wrapped it, put it on the tab dining table, out of the kitchen so it would be cool until this morning. So I could slice it. And when he came out of the bedroom going out that's when he, I heard this paper move, but I thought he was, you know trying to take my purse, but he carried off every-thing, my housekeys, you know and registration card, and my credit cards, my bank book everything. Nearlyfour hundred dollars in cash.

Armand: do you have anything else you want to add to this statement Mrs. Thompson.

Thompson: no

Armand: this concludes the statement given by Mrs. Ethel O. Thompson 623 13th Ave. on a robbery and rape 3:45 am this date January 3, 1982.

Transcribed by Dy. S. Miller
Washington Parish Sheriff's Department

STATE OF LOUISIANA

VERSUS   37,096 and 37,097

DAVID LEE WILLIAMS

<u>WITNESS LIST</u> -  Agg. Rape, Armed Robbery and Agg. Burg.

Denver Miller, Franklinton Police Department, Franklinton, La.

Harold Varnado, Franklinton Police Department, Franklinton, La.

David McNish, Franklinton Police Department, Franklinton, La.

Ethel O. Thompson, 623 13th Avenue, Franklinton, Louisiana

Jerry Miller, c/o State Police Crime Lab, P.O. Box 66614, Baton Rouge, La.

Becky S. Cook, c/o State Police Crime Lab, Baton Rouge, Louisiana

Patricia Magee, 605 13th Avenue, Franklinton, La.

J.W. Magee, 605 13th Avenue, Franklinton, Louisiana

Wade Bateman, c/o Franklinton Police Department, Franklinton, La.

*Exhibit E4-G*

<u>9 people in house</u>

J. W. Magee    "Dub"
605 13th Ave.

Jan 3, 1982 - FPD.   Step-son-
Raised the △

Denver Miller  &  Harold Varnado.

Sleeping on couch -

Kinda Late. - early in
morning -

− Tonya Bickham −

Jan 3, 1982

IDed Rape kit got it from
Dr. at Riverside −

- Harold Varnado −

S#5 to  Becky S. Cook.

s#6 to          "

D.A.'s files      Exhibit E4-H

1. Dr. Wickboldt          True ✓
2. Jerry Miller           True ✓
3. Beck, Cook             True ✓
4. Tony Bickham           — ✓
5. Harold Vaxxxdo         — ✓
6. Wade Bateman           — ✓
7. Denny Mills            — ✓
8. Susan Stoxxx           — ✓
9. Ethel Thompson         — ✓
10. Patricia Magee        — ✓
11. J. W. Magee           — ✓

State's    Exhibits                        Introduce

#1    Money                                ✓
#2    Pink Robe                            ✓
#3    Sheet                                ✓
#4    Blood Sample        Thompson         ✓
#5    Rape Kit            Thompson         ✓
#6    Rape Kit            William          ✓
#7    Underwear           William          ✓
#8    Mailing label                        ✓
#9    Tag on Evidence                      ✓

Early that am found the ___ &
saw him sleeping on the couch early
that am
Still dark when they came to meet him
Sister — Renette Magee   in Law
Brother — Stevie & J. W. Fuller
Monroe & Marie — Sister
Also — Mark & Jimmy there.
She was the 1st one up. By the
time she started cleaning up ~~everything~~
___ was ___.

D.H.'s files                    Exhibit E4—I

State v. David Lee Williams

Agg. Rape  Armed Robbery, Agg. Burglary

Denver Miller          c/o Franklinton Police Dept.
Harold Varnado         c/o Franklinton Police Dept.
David Mc Nish          c/o Franklinton Police Dept.
Ethel O. Thompson      623  13th Ave.  Franklinton
Jerry Miller ———┐      c/o La. State Police Crime Lab
Becky S. Cook   ┘      P.O. Box 66614
                       Baton Rouge, La.
Patricia Magee         605  13th Ave.  Franklinton
J. W. Magee            605  13th Ave.  Franklinton
Wade Bateman           c/o Franklinton Police Dept.
Susan Stogner          c/o Riverside Hosp

        Blood sample of Mrs. Thompson
        in trial

~~Wilbur Forsythe~~
Dr.
Tonya Bickham  c/o Franklinton P.D.

D.H.'s files

Exhibit E4- J

# FRANKLINTON POLICE DEPARTMENT
## FRANKLINTON, LOUISIANA 70438

January 3, 1982   Page One

| TIME | FROM | TO | MESSAGE |
|------|------|-----|---------|
| 01 | | | J. Bickham (On Cadie Dr |
| 10 | FP7 | FPD | Traffic Stop On Harly Tr |
| | | | Lic # 149 L 384 |
| 28 | FP7 | FPD | Traffic Stop On Vern |
| | | | Lic # 18 L 422 |
| 33 | WALK IN | | Papie came into P.D. to re |
| | | | a dead man lying on San |
| 36 | FP7 | FPD | Need Ambulance put th |
| | | | Both subjects are alive |
| 37 | FPD | Phone | Fiole is in route. |
| 47 | FP7 | FPD | One subject having troub |
| | | | breitling |
| 51 | FP7 | FPD | 10-8 from Scene, enroute |
| | | | Hospital |
| 53 | FP7 | FPD | 10-10 R. M. C |
| 11 | FP6 | FPD | 10-8 |
| 34 | FP7 | FPD | 10-8 |
| 21 | S.O. | FPD | Report that Mrs. Ell |
| | | | Thompson has been rap |
| | | | and killed 623 ± 13 A |
| 321 | FP6+7 | FPD | 10-97 623 +13 A |
| 33 | FP6 | FPD | 10-10 Dennis Mason |
| | | | house |
| 48 | FP6 | FPD | 10-8 Enroute to Ho |
| 51 | FP6 | FPD | 10-10 River Side |
| 00 | FP6 | FPD | 10-8 Enroute to 623 ± |
| 19 | FP3 | FPD | 10-15 Wm Jim |

D. A's files

Exhibit

E4-K2

EMERGENCY ROOM RECORD

RIVERSIDE MEDICAL CENTER
P. O. BOX 528
FRANKLINTON, LOUISIANA 70438

| Last Name | First Name | Middle Name | Phone No. | Date | Time: AM/PM |
|---|---|---|---|---|---|
| Thompson | Ethel | | 9-2454 | 1-3-82 | 4:5_ |

| Address | City | State | Zip | Age | Date of Birth | Sex M/F |
|---|---|---|---|---|---|---|
| 1023 13th Ave | City | | | 82 | 4-22-99 | F |

Next of Kin: James L. Dyson Center  Family Doctor: J.E.S

On Job-Injury — Yes / No

INSURANCE: Medicare No. ___ Welfare No. ___ Private-Name ___ Group & Contract Nos. ___

HISTORY: Accident  Illness  Complaint  Duration

ALLERGIES

VITAL SIGNS:

| | Temp | Oral | Rectal |
|---|---|---|---|
| WGT | | | |

| Time | BP | P | R |
|---|---|---|---|
| | 140/90 | 120 | |

PHYSICAL EXAM:

DIAGNOSIS:

CBC

U/A

X-Ray

EKG

TREATMENT: Tetanus Toxoid ___ cc. IM  T-Gammagee ___ cc IM

ER CHARGES:

| Medication | Dose | Route | Time |
|---|---|---|---|

Exam Room

M. O.

Sutures

Dressings

Anesthetic

Drugs

Disposition of Case:

Referred to Dr. ___

Instructions: ☐ Sheet Given

INH. THERAPY:

Attending Physician

Date ___

D.A.'s files  Exhibit E4-k

17587

STATE OF LOUISIANA

VERSUS

DAVID LEE WILLIAMS

22ND JUDICIAL DISTRICT COURT

CRIMINAL NO. 37,096

PARISH OF WASHINGTON

STATE OF LOUISIANA

## POST SENTENCE STATEMENT
### Article 892, C Cr P

NAME OF DEFENDANT:  DAVID LEE WILLIAMS

AGE:  25 years

DEFENDANT'S ATTORNEY:  A. Austin McElroy

ATTORNEY'S ADDRESS:  Courthouse Alley, Covington, Louisiana

DATE OF CONVICTION: March 16, 1982

CRIME CONVICTED OF:  Aggravated Rape

DATE OF CRIME:  January 3, 1982

SENTENCE IMPOSED:  Life imprisonment without benefit of parole,
                   probation or suspension of sentence.

FACTS AND CIRCUMSTANCES OF OFFENSE:

In the early morning hours of January 3, 1982, Mrs. Ethel
Thompson was awakened by the defendant, David Lee Williams, who
she knew.  He raped her both vaginally and anally, overcoming
the resistance put forth of Mrs. Thompson.  The defendant then
took some money and fled.  The Defendant was arrested almost
immediately with what appeared to be feces on his underclothes.
The victim identified the defendant as the perpetrator of the
crime.

KNOWN MENTAL OR PHYSICAL CONDITIONS:   NONE


LEWIS V. MURRAY, III
ASSISTANT DISTRICT ATTORNEY
Washington Parish Courthouse
Franklinton, Louisiana  70438


JUDGE HILLARY J. CRAIN        JUDGE

DATED: DEC 8 1982

SUPREME COURT

OF THE

STATE OF LOUISIANA

NO. 82-KA-1947



COPY

STATE OF LOUISIANA

PLAINTIFF-APPELLEE

VERSUS

DAVID LEE WILLIAMS

DEFENDANT-APPELLANT

**************************

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT IN AND
FOR THE PARISH OF WASHINGTON, STATE OF LOUISIANA, THE HONORABLE
HILLARY J. CRAIN, JUDGE, PRESIDING, NO. 37,096.

**************************

ORIGINAL BRIEF ON THE MERITS
ON BEHALF OF THE STATE OF
LOUISIANA, APPELLEE

**************************

RESPECTFULLY SUBMITTED:
MARION B. FARMER
DISTRICT ATTORNEY
WILLIAM C. KERBY
ASSISTANT DISTRICT ATTORNEY
TWENTY-SECOND JUDICIAL DISTRICT
PARISH OF WASHINGTON
WASHINGTON PARISH COURTHOUSE
FRANKLINTON, LOUISIANA   70438
PHONE: (504) 839-2141

CLERK'S OFFICE
SUPREME COURT OF LOUISIANA

FILED   SEP 29 1982

CLERK



*Exhibit E4- L - 1*

I N D E X

1.   STATEMENT OF FACTS.............Page 2

2.   ARGUMENT......................Page 3

3.   CERTIFICATE...................Page 3

Exhibit E4- L- 2

STATEMENT OF FACTS:

     In the early morning hours of January 4, 1982, Mrs. Ethel Thompson was awakened by the defendant, David Lee Williams, who she knew.  He raped her both vaginally and anally, overcoming the resistance put forth of Mrs. Thompson.  The defendant then took some money and fled.  The defendant was arrested almost immediately with what appeared to be feces on his underclothes.  The victim identified the defendant as the perpetrator of the crime.

     On March 16, 1982 a jury found the defendant guilty of aggravated rape and on May 17, 1982 was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

Exhibit E4-L-3

ASSIGNMENT OF ERROR NO. 1:

The only assignment tendered by defendant was a request
by the Court to review the entire record for any error patent
on the fact of the record.  No alleged error is pointed out
and the State contends that there is no such error of record
and this conviction should be affirmed.

RESPECTFULLY SUBMITTED:

MARION B. FARMER
DISTRICT ATTORNEY
WILLIAM J. BURRIS
ASSISTANT DISTRICT ATTORNEY
22ND JUDICIAL DISTRICT
PARISH OF WASHINGTON
WASHINGTON PARISH COURTHOUSE
FRANKLINTON, LOUISIANA 70438

BY: _____
    WILLIAM J. BURRIS

C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the foregoing brief
was served on HON. S. AUSTIN MCELROY AND DAVID J. KNIGHT,
Public Defenders, Courthouse Alley, Covington, Louisiana.
Franklinton, Louisiana, this ___ day of September, 1982.

_____
WILLIAM J. BURRIS
ASSISTANT DISTRICT ATTORNEY

Exhibit E4-L-4

SUPREME COURT

OF THE

STATE OF LOUISIANA

NO. 82-KA-1947



---

STATE OF LOUISIANA

PLAINTIFF-APPELLEE

VERSUS

DAVID LEE WILLIAMS

DEFENDANT-APPELLANT

---

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT IN AND
FOR THE PARISH OF WASHINGTON, STATE OF LOUISIANA, THE HONORABLE
HILLARY J. CRAIN, JUDGE, PRESIDING, NO. 37,096.

---

ORIGINAL BRIEF ON THE MERITS ON BEHALF
OF DEFENDANT, DAVID LEE WILLIAMS

---

RESPECTFULLY SUBMITTED:
S. AUSTIN McELROY
PUBLIC DEFENDER
COURTHOUSE ALLEY
COVINGTON, LOUISIANA  70433
PHONE: (504)  892-5002


DAVID J. KNIGHT
PUBLIC DEFENDER
COURTHOUSE ALLEY
COVINGTON, LOUISIANA  70433
PHONE: (504)  892-5002

SUPREME COURT OF LOUISIANA

FILED   SEP 2 2 1982

CLERK

*Exhibit E4-M-1*

## INDEX

1.  STATEMENT OF JURISDICTION . . . . 1

2.  STATEMENT OF THE FACTS. . . . . . 1

3.  ARGUMENT. . . . . . . . . . . . 2

4.  CONCLUSION. . . . . . . . . . . 3

5.  CERTIFICATE . . . . . . . . . . 3

*Exhibit E4-m-2*

## TABLE OF CASES

1)   STATE v. LEWIS, 343 So.2d. 1056

*Exhibit E4-M-3*

## JURISDICTION

This Court has jurisdiction by virtue of the Louisiana Constitution of 1974, Act V, Section 5.

## STATEMENT OF THE FACTS

On January 3, 1982, Ethel Thompson was raped sometime between midnight and daylight in her home in Franklinton, Louisiana.

Ethel Thompson identified David Lee Williams as the individual who raped her.  The defendant was tried before the Honorable Hillary J. Crain and a jury of twelve on March 15 and 16, 1982, and was found to be guilty of the crime of aggravated rape.

On May 17, 1982, David Lee Williams was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

It is from this adjudication and sentence the defendant appeals.

-1-

Exhibit E4-m-4

ARGUMENT

MAY IT PLEASE THE COURT:

ASSIGNMENT OF ERROR NO. 1

1. Because Of Error Patent On The Face
   Of The Record, The Conviction Should
   Be Reversed.

The Court does not review the sufficiency of the evidence to sustain a conviction. State v. Lewis, 343 So.2d. 1056. However, the Court is asked in this case to review the entire record for any error patent on the face of the record, and if any be found to reverse accordingly.

Exhibit F4-m-5

## CONCLUSION

For the reasons assigned above the sentence should be set aside and the conviction reversed.

RESPECTFULLY SUBMITTED:

S. AUSTIN McELROY
PUBLIC DEFENDER
COURTHOUSE ALLEY
COVINGTON, LOUISIANA  70433
PHONE: (504)  892-5002

DAVID J. KNIGHT
PUBLIC DEFENDER
COURTHOUSE ALLEY
COVINGTON, LOUISIANA  70433
PHONE: (504)  892-5002

## CERTIFICATE

I hereby certify that a copy of this brief was hand delivered to Marion B. Farmer, District Attorney, Washington Parish, this _20th_ day of September, 1982.

S. AUSTIN McELROY

-3-

*Exhibit E4-M-6*

# 22nd JUDICIAL DISTRICT
# INDIGENT DEFENDER
_____

**JOHN R. SIMMONS, JR. DIRECTOR**

September 16, 1982

COURTHOUSE TRAILER NO. 3
COURTHOUSE ALLEY
COVINGTON, LA. 70433
PHONE: (504) 892-5002

ATTORNEY STAFF
_____

PARISH OF ST. TAMMANY
Thomas J. Ford, Jr.
S. Austin McElroy
Wendell E. Tanner

Parish of Washington
M. Reggie Simmons
Franklinton, La.
Phone: (504) 839-3543
Lewis Murray, III
Bogalusa, La.
Phone: (504) 735-9717

Clerk of Court
Criminal Division
Franklinton Courthouse
Franklinton, Louisiana  70438

Attn: JoAnn Smith

      Re: State of Louisiana
        vs. #37,096
        David Lee Williams

Dear JoAnn:

  Enclosed please find Assignment of Errors
for David Lee Williams.

      Sincerely,

      S. Austin McElroy

SAM/bj
encl:

Exhibit E4-N-1

STATE OF LOUISIANA

VERSUS

DAVID LEE WILLIAMS

FILED: 9-10-82

NUMBER: 37,096

22ND JUDICIAL DISTRICT

PARISH OF WASHINGTON

_____
DEPUTY CLERK

### ASSIGNMENT OF ERRORS AND DESIGNATION
### OF RECORD FOR APPEAL

TO THE HONORABLE HILLARY J. CRAIN, JUDGE, DIVISION "A"

        MAY IT PLEASE THE COURT:

        Now into Court comes David Lee Williams pro-testing his innocence, and through undersigned counsel and pursuant to La.C.Cr.P., Articles 844 and 845, respectfully designate the following errors to be urged upon the appeal of the above numbered and entitled matter and designate the record for same.

### ASSIGNMENT OF ERROR NO. 1

        Because of Error Patent on the Face of the Record, the Conviction Should Be Reversed.

        AND NOW:

        TO THE HONORABLE CHIEF JUSTICE AND TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE OF LOUISIANA:

        MAY IT PLEASE THE COURT:

        In addition to the above errors assigned, the defendant requests this Honorable Court to review the entire re-cord and all of the evidence as reflected by the various tran-scripts, pleadings and exhibits as provided by the Louisiana Constitution, 1974, Art. 1, Sec. 19.

RESPECTFULLY SUBMITTED:

_____
S. AUSTIN McELROY
PUBLIC DEFENDER
COURTHOUSE TRAILER #3
COVINGTON, LOUISIANA 70433
PHONE: (504) 892-5002

_____
DAVID J. KNIGHT
PUBLIC DEFENDER
COURTHOUSE TRAILER #3
COVINGTON, LOUISIANA 70433
PHONE: (504) 892-5002

Exhibit E4-A-2

# Supreme Court

STATE OF LOUISIANA

## New Orleans

CHIEF JUSTICE
JOHN A. DIXON, JR.

ASSOCIATE JUSTICES
PASCAL F. CALOGERO, JR.
WALTER F. MARCUS, JR.
JAMES L. DENNIS
FRED A. BLANCHE, JR.
JACK CROZIER WATSON
HARRY T. LEMMON

CLERK OF COURT
FRANS J. LABRANCHE, JR.

July 30, 1982

301 LOYOLA AVE., 70112

TELEPHONE 504-568-5707

82-KA-1947 State of Louisiana vs. David Lee Williams on an appeal from the 22nd Judicial District Court for the Parish of Washington, Hon. Hilary J. Crain, Judge Presiding, No. 37,096.

William J. Guste, Jr., Attorney General,
Barbara Rutledge, Asst. Attorney General,
Marion B. Farmer, District Attorney,
William J. Knight, Asst. District Attorney,
Counsel for Plaintiff-Appellee.

Thomas J. Ford, Jr., Esq.
OFFICE OF THE INDIGENT DEFENDER
Sam Collett, Esq.
Counsel for Defendant-Appellant.

MEMORANDUM TO COUNSEL IN CAPTIONED CASE:

Please note Section 8 of Rule VII of the Rules of this Court provide that the appellant, applicant or relator, as the case may be, must file their briefs within 30 days and the appellee or respondent within 60 days, respectively, from the date of lodging of this record. Briefs should be timely filed if oral argument is desired, and if typewritten, must be backed with a flexible paper or plastic manuscript cover such as the customary "BLUEBACK". In criminal proceedings, the Court directs that counsel must file a brief. Failure to do so may subject counsel to a penalty of contempt of Court.

NOTE: FOR BRIEFING PURPOSES RECORD LODGED ___July 30, 1982___ .

Frans J. Labranche, Jr.
Clerk of Court

FJLJr/ dac

Exhibit E4-N3

Supreme Court

STATE OF LOUISIANA

New Orleans

CHIEF JUSTICE
  JOHN A. DIXON, JR.
ASSOCIATE JUSTICES
  PASCAL F. CALOGERO, JR.
  WALTER F. MARCUS, JR.
  JAMES L. DENNIS
  FRED A. BLANCHE, JR.
  JACK CROZIER WATSON
  HARRY T. LEMMON
CLERK OF COURT
  FRANS J. LaBRANCHE, JR.

July 30, 1982

Thomas J. Ford, Jr., Esq.
OFFICE OF THE INDIGENT DEFENDER
Courthouse Trailer #3
Covington, LA 70433

Sam Collett, Esq.
1005 Union Ave.
Bogalusa, LA 70427

Re: State of Louisiana vs. David
Williams, No. 82-KA-1947

Dear Mr. Ford and Mr. Collett:

The transcript of the appeal in the above entitled and numbered
matter was received and filed on July 30, 1982 . This record
did not include any assignments of error.

We call your attention to Articles 844 and 916 of the Louisiana
Code of Criminal Procedure as amended by Act 537 of 1980.

If it is your intention to file assignments of error, please
file same with the district court within two weeks from this
date. Please advise us at the time you file the assignments or
send us a copy of your letter of transmittal. If you do not
intend filing assignments, please also advise us.

Very truly yours,

Frans J. LaBranche, Jr.
Clerk of Court

FJLJr/ dac
ccs:   Hon. Hilary J. Crain
       Hon. Marion B. Farmer
       Hon. Dewaine Seal
       Barbara Rutledge, Esq.
       William J. Knight, Esq.

Exhibit E4-N4

STATE OF LOUISIANA                    NUMBER: 37,096

VERSUS                                22ND JUDICIAL DISTRICT COURT

DAVID LEE WILLIAMS                    PARISH OF WASHINGTON

FILED: _____            _____
                                      DEPUTY CLERK

## MOTION FOR APPEAL

Now into Court comes the defendant herein, David Lee Williams through his undersigned counsel, and on suggesting to the Court that the record herein shows error to his prejudice and that he is desirous to appeal to the Honorable the Supreme Court of the State of Louisiana.

WHEREFORE, HE PRAYS THAT HE BE GRANTED a suspensive appeal to the Honorable Court of the State of Louisiana, returnable in accordance with law.

                              _____
                              THOMAS J. FORD, JR.
                              OFFICE OF THE INDIGENT DEFENDER
                              COURTHOUSE TRAILER #3
                              COVINGTON, LOUISIANA 70433
                              (504) 892-5002

## O R D E R

Let a suspensive appeal be granted in this case on behalf of the defendant, David Lee Williams, to the Supreme Court of the State of Louisiana, and let the return date be the ___ day of _____, 1982.

Franklinton, Louisiana, this ___ day of _____, 1982.

                              _____
                              J U D G E

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing motion has been handed to the District Attorney for the Parish of St. Tammony, this ___ day of _____ 19___.

36          *Exhibit E4-N6*

MAR   2 19

SUPREME COURT OF LOUISIANA

NO.  82-KA-1947

STATE OF LOUISIANA

V.

DAVID LEE WILLIAMS

Appeal from the 22nd Judicial District Court,
Parish of Washington,
Honorable Hillary J. Crain, Judge.

PER CURIAM

Affirmed

STATE OF LOUISIANA

VS.

DAVID LEE WILLIAMS

No. _____

# STATE OF LOUISIANA

## PARISH OF WASHINGTON

Personally came and appeared before me,

CHARLIE MANNING

_____
Committing Magistrate

~~DET. HAROLD VARNADO~~

who, having by me duly sworn, did depose and say:

That one _____ DAVID LEE WILLIAMS _____

On the ___3___ day of __JANUARY___, 19_82_

#1, RS:14:42 AGGRAVATED RAPE

#2, RS:14:50.1 PERPETRATION OF CRIME WITH VICTIM OVER 65

#3, RS:14:60 AGGRAVATED BURGLARY

#4, RS:14:64 ARMED ROBBERY

within this State and Parish, and the jurisdiction of the Twenty Second Judicial District Court, contrary to the form of the status of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.

Wherefore, deponent prays that the said accused be arrested and dealt with according to law.

_____

Sworn to and subscribed before me this ____ 3 ____ day of __JANUARY_____, 19 _82_

_____
Committing Magistrate

# WARRANT

PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT COURT

NO. _____          NO. _____

NO. _____          NO. _____

# ARREST REPORT

| NAME OF PERSON ARRESTED | ALIAS OR NICKNAME(S) | ARREST DATE |
|---|---|---|
| David Lee Williams | | 1-3-81 |

| ADDRESS OF SUSPECT | OCCUPATION | TIME |
|---|---|---|
| 605 13th Ave. | Truck Driver | 9:19 ☒ AM ☐ PM |

RT. THUMB PRINT

| SOCIAL SECURITY NO. | STATE | DRIVER'S LICENSE INFORMATION | | |
|---|---|---|---|---|
| 486/11/10391 | | LICENSE NUMBER | TYPE | EXPIRES |

| AGE | RACE | SEX | EYES | HAIR | HEIGHT | WEIGHT | DATE OF BIRTH | PLACE OF BIRTH | TATTOOES OR ID. MARKS |
|---|---|---|---|---|---|---|---|---|---|
| 24 | N | M | Brn | Blk | 6'2" | 240 | 1-23-57 | Laurel Ms. | "Mark" Left |

| WHERE ARRESTED | HOW ARREST MADE: ☒ ON VIEW ☐ CALL ☐ WARRANT |
|---|---|
| 605 13th Ave. | WARRANT NO.          WARRANT DATE |

OFFENSE(S) SUSPECTED OR CHARGED   Agg. Burglary - Armed Robbery -
Aggravated Rape - Perpetration of crime v/victim over 65 y o A

| DATE OFFENSE COMMITTED | TIME | COURT |
|---|---|---|
| 1-3-82 | 4:21 ☒ A.M. ☐ P.M. | 22nd Jud. Dist |

| WHERE OFFENSE COMMITTED | TYPE PREMISES | BUSINESS TRA |
|---|---|---|
| 623 13th Ave. | Res. | |

| ARMED ☐ YES ☐ NO | CHECK ALL ITEMS WHICH APPLY |
|---|---|
| TYPE WEAPON | ☐ DRUNK ☒ DRINKING ☒ CURSED ☒ RESISTED ☐ |

| PREVIOUS ARRESTS | OTHER PERSONS ARRESTED FOR SAME OFFENSE |
|---|---|
| 1976 Theft | — |

| VEHICLE | YEAR | MAKE | MODEL | STYLE | COLOR | LICENSE # | STATE | EXP. | IMPOUNDED ☐ |
|---|---|---|---|---|---|---|---|---|---|
| INVOLVED | | | | | | | | | WHERE |

PROPERTY PLACED IN PROPERTY ROOM

| NAME OF COMPLAINANT | RELATION OF COMPLAINANT & SUSPECT - IF ANY? |
|---|---|
| Mrs. Ethel Thompson | None |

| ADDRESS OF COMPLAINANT | | BEST PHONE | OTHER PH |
|---|---|---|---|

| WITNESSES NAME. | BEST CONTACT ADDRESS | AGE | BEST PHONE | OTHER PHONE | PARENT OR |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |

NOTE FACTS OF ARREST NOT INCLUDED ABOVE.

Aggravated Rape - RS 14:42

Perpetration of crime v/victim over 65   RS 14:50.

Agg. Burglary                RS 14:60

Armed Robbery               RS 14:64

| ARRESTEE'S RIGHTS GIVEN BY | DATE | TIME | PLACE | |
|---|---|---|---|---|
| H Varnado | 1-3-81 | 6:10 | FPD | NCIC # |

RESULTS OF INVESTIGATION

| ARRESTING OFFICERS | REPORT MADE BY | FINAL DISPOSITION |
|---|---|---|
| H Varnado /D Miller | H Varnado | |

Use supplementary report for additional information not covered above.
D.A.'s File        Exhibit num

# Johnny D. Crain

### Clerk of Court and Ex-Officio Recorder
### 22nd Judicial District Court • Washington Parish

P.O. Box 607 • Telephone: 504-839-4661
Franklinton, Louisiana 70438-0607

**BETTY K. CARR**
*CHIEF DEPUTY*

DATE   February 8, 1993

David Lee Williams
DOC # 98840
MAGNOLIA #3
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712

STATE OF LOUISIANA
VERSUS   37096

DAVID LEE WILLIAMS

Dear

I have enclosed a copy of your Motion for Production
of Documents and copy of Order.

The Judge herein Denied this motion on 8TH
day of February 1993.

Sincerely,

Deputy Clerk

DAVID LEE WILLIAMS          ) First Circuit Court of Appeal

VERSUS                      ) State Of Louisiana

22nd. JUDICIAL DIST. COURT ) Baton Rouge, Louisiana
PARISH OF WASHINGTON
STATE OF LOUISIANA          )

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Application for a Writ Of Mandamus

Now into Court comes this applicant, DAVID LEE
WILLIAMS, in proper person, and with respect urges this
Honorable Court to issue an order directing the 22nd.
Judicial District Court to rule on a Motion for Production
of Documents that was filed on December 15, 1983.  In
support of this application this movant would show this
Honorable Court the following:

(1).  This applicant was convicted of one (1) count of
aggravated rape in the 22nd. J.D.C. and on 5/17/82 was
sentenced to serve the rest of his Life within the Depart-
ment of Corrections without the benefit of Parole, Probation,
or suspension of sentence.

(2)  That on March 2, 1983 the Supreme Court of the State
of Louisiana affirmed this applicant's conviction and
sentence in a Per Curiam decision.

-1-

(3).   That on the 15th of December, 1983 this Movant
did cause to be filed a Motion for Production of Documents
into the 22nd. Judicial District Court requesting that
certain trial records be furnished to him by the Clerk
of that Court.  This applicant has not recieved a reply
on that motion as of this writing.

It is the prayer of this applicant that this court
will order the 22nd. J.D.C. to make a ruleing on that
motion as soon as possible............

Respectfully Submitted:

David Lee Williams
98840  Main Prison,
Angola, Louisiana (70712)

CERTIFICATE OF SERVICE

I, David L. Williams, do hereby
certify that a copy of this application
for a writ of Mandamus was served on
Judge Crain of the 22nd. Judicial District
Court, Parish of Washington, State Of Louisiana
this_____day of _____, 1984

David Lee Williams

-2-

October 31, 1984

CLERK OF COURT
22nd. JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
FRANKLINTON, LOUISIANA
            (70438)

Sir:
     Sometime ago I filed a motion for production of Transcripts and
related documents.
     Subsequently, I filed a motion or rather an application for a writ
of Mandamus into the court of appeal in order to get a ruling on this
motion.
     The Court of Appeal denied my application for Mandamus saying that
the issue was moot and that the District Court had ruled on this Motion.
I have not recieved any word of this ruling as of this writing.
     Would you please inform me as to the nature of this ruling as soon
as possible and if the Motion was granted when will the requested documents
be forthcoming.....
     I'm sure that you can understand the situation and I want to thank you
for your assistance in this matter....


                         SINCERELY,

                         DAVIS LEE WILLIAMS
                         98840,
                         Angola, Louisiana (70712)

2-22-85

DAVID WILLIAMS
96840
WALNUT 2, Angola, La.
        70712


Clerk Of Court
Parish Of Washington
22nd Judicial District Court
Franklinton, Louisiana 70438


Sir:

    Sometime ago I filed a motion for a production of transcripts.  The
court did not act on this motion and I filed an application for a writ of
mandamus into the First Circuit Court of Appeal in Baton Rouge.  The Court
of appeal denied the motion as moot because they claimed the motion had been
ruled on by the 22nd Judicial District Court.  I have not recieved word from
the 22nd Judicial on this ruling.  Would you please inform me if this motion
has been ruled on and if so the results......

    Thank you kindly for your assistance.......



DAVID WILLIAMS



CC:file

STATE OF LOUISIANA      :  THE FIRST CIRCUIT COURT OF APPEAL

                              :

VERSUS                  :  STATE OF LOUISIANA

                              :

DAVID WILLIAMS        :  BATON ROUGE, LOUISIANA

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## APPLICATION FOR A WRIT OF MANDAMUS

Now into court come this applicant, <u>DAVID WILLIAMS</u>, in proper person, and with respect urges this Honorable Court to issue a writ of Mandamus directed at the 22nd Judicial District Court ordering that court to act on a motion that has been pending in that court since March of 1984. In support of this application this applicant would show this Honorable Court the Following:

(1). This movant caused to be filed into the 22nd. Judicial District Court a Motion for production of Trial Records and related Documents. To this applicant's knowledge this motion has never been acted on.

(2). This movant then caused to be file, in October 1984, an application for a writ of mandamus into this court, asking this court to order the trial court to rule on this motion. This court denied this motionaas moot and said that the trial court had already ruled on this motion.

(3). This movant has not recieved a ruling on his motion and cannot get a reply from the Clerk-of-court for the 22nd. Judicial District Court in regards to this matter.  This movant now brings this issue back before this court in the hopes that it will be resolved.

-1-

THEREFORE, it is the prayer of this movant that this court
will order the 22nd Judicial District to act on this motion for production
of trial records and if this motion has already been acted on,,order that
court to furnish this movant with a copy of that ruling so that he can appeal
this decision if it is unfavorable to him.


                                        Respectfully Submitted


                                        David Williams, Pro se
                                        98840 Walnut 2
                                        Angola, Louisiana


                        CERTIFICATE OF SERVICE

     I hereby certify that a copy of this application for a writ of
mandamus was served upon the 22nd. Judicial District Court this_____
day of _____, 1985 by placing same in a postage prepaid
envelope and depositing same in the U.S. Mail at Angola, Louisiana....


                              -2-

P 613 543 469

**RECEIPT FOR CERTIFIED MAIL**

NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL

*(See Reverse)*

| | |
|---|---|
| Sent to *Clerk of court* | |
| Street and No. *22nd Jud Dist Ct.* | |
| P.O. State and ZIP Code *Franklington La 70438* | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to whom and Date Delivered | |
| Return receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | |

U.S.G.P.O. 1983-403-517

PS Form 3800, Feb. 1982

ANGOLA
JAN 13 1984
USA

UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

SENDER INSTRUCTIONS
Print your name, address, and ZIP Code in the space below.
• Complete items 1, 2, 3, and 4 on the reverse.
• Attach to front of article if space permits,
  otherwise affix to back of article.
• Endorse article "Return Receipt Requested"
  adjacent to number.

RETURN
TO

PENALTY FOR PRIVATE
USE, $300

U.S.MAIL ®

David Lee Williams
(Name of Sender)

C 98840
(Street or P.O. Box)

Angola, La. 70712
(City, State, and ZIP Code)

STATE OF LOUISIANA                NUMBER 37,096

     VS.                         22ND JUDICIAL DISTRICT COURT

DAVID LEE WILLIAMS                 WASHINGTON PARISH, LOUISIANA


MOTION FOR PRE-TRIAL DISCOVERY;
ALTERNATIVELY, PRAYER FOR OYER

     NOW INTO COURT, through undersigned counsel, comes the
defendant, David Lee Williams     , who suggests to the court that
he/she is entitled to oyer and pre-trial discovery in accordance
with Louisiana Code of Criminal Procedure, Article 716 et seq, and
as follows, to-wit:

1)  To permit and authorize the defendant to inspect
and copy, photograph or otherwise reproduce any
relevant written or recorded confession or state-
ment of any nature, including recorded testimony
before the Grand Jury, or copy thereof, of the
defendant in the possession, custody, control,
or knowledge of the District Attorney.

2)  To inform the defendant of the existence of any
oral confession or statement of any nature, made
by the defendant, which the District Attorney in-
tends to offer in evidence at the trial, with the
information as to when, where and to whom such
oral confession or statement was made.

3)  To inform the defendant of the substance of any
oral statement which the State intends to offer
in evidence made by the defendant, whether before
or after arrest, in response to interrogation by
any person then known to the defendant to be a
law enforcement officer.

4)  To furnish the defendant with a copy of any record
of his/her criminal arrest and convictions that is
in the possession or custody of the District At-
torney or any law enforcement agency operating with-
in the parish of Washington.

5)  To permit and authorize the defendant to inspect,
copy, examine, test scientifically, photograph,
or otherwise reproduce books, papers, documents,
photographs, tangible objects, or copies or por-
tions thereof, which are within the possession,
custody, or control of the State, and which are
either: (1) Favorable to the defendant and which
are material and relevant to the issue of guilt
or punishment; or (2) Intended for use by the
State as evidence at the trial; or (3) Obtained
from and belongs to the defendant.

6)  To permit or authorize the defendant to inspect
and copy, photograph, or otherwise reproduce any

results or reports, or copies thereof, of physi-
cal or mental examination, and of scientific
tests or experiments, made in connection with or
material to the instant case, that are in the
possession, custody, control or knowledge of the
District Attorney and intended for use at trial,
including exculpatory evidence, even though it is
not intended for use by the State at trial.

7)   To inform the defendant of the State's intent to
offer evidence of the commission of any other
crime admissible under the authority of R.S. 15:445
or R.S. 15:446.

8)   To inform the defendant of the State's intent to
use any hearsay statements of co-conspirators pur-
suant to R.S. 15:455.

9)   To permit and authorize the defendant to inspect
and copy, photograph or otherwise reproduce any
relevant written or recorded confessions or
inculpatory statements made by co-defendants and
intended for use at trial, including exculpatory
evidence, even though it is not intended for use
at trial.

10)  The names and addresses of all witnesses the
State intends to call to testify on a trial of the
merits, or of any motion or hearing,  in this cause,
as well as all records reflecting the criminal arrests
and convictions of the said witnesses, including with-
out limitation,  juvenile arrests and convictions.

11)  The "rights of arrestee form" used in connection
with the obtaining of the above, whether said form
is signed or unsigned by the defendant, and any
affidavits of indigency and any rights forms
presented to the defendant for his signature,
regardless of whether he signed them, or not.

12)  Any and all search and/or arrest warrants, affi-
davits prepared in support of their issuance and
inventories reflecting the product of the execu-
tion of said search and/or arrest warrants that
may have been employed by any law enforcement
officer or official in connection with the investi-
gation and prosecution of the charge contained in
the Indictment.

13)  Any "consent to search form" or other document
purporting to authorized a warrantless search
of any person, structure, vehicle or place wherein
items of physical evidence and tangible property
were obtained by any law enforcement officer or
official for  use as evidence on the trial of this
cause.

14)  Corporal line-up information:

a.   The date, time and place any line-ups were
conducted.

b.   The names of the law enforcement officers
     or officials who conducted said line-up.

c.   Any documents purportedly signed by the de-
     fendant which seek to evidence or establish
     a waiver of any constitutional right afford-
     ed the defendant or co-defendants obtained
     by any law enforcement officer or official
     from the defendant contemporaneous with the
     conducting said line-up.

d.   A composite photograph of all persons standing
     in said line-ups indicating the names and ad-
     dresses of said persons.

e.   The names and addresses of all persons summon-
     ed by the State to make an identification of
     any person or persons standing in any said
     line-ups.

15)  Any and all medical reports of examinations con-
     ducted by the Coroner's office for the parish of
     Washington reflecting the medical condition of
     the victim named in this Indictment.

16)  Any and all handwriting exemplars, handwriting sam-
     ples,etc. from the defendant which were taken and/
     or which may be used at the trial of the merits of
     this cause, including without limitation all exem-
     plars or examples studied or examined by any ex-
     pert the State has used or will use.

17)  Any other handwriting samples or exemplars in the
     custody of the State which are or maybe used in
     connection with prosecution of this case, or which
     are or maybe exculpatory in nature.

18)  Brady vs. Maryland material.  Evidence materially
     favorable to the defendant either as direct or
     impeaching evidence including but not restricted
     to the following:

     1.   Written statements or interviews reduced to
          writing obtained by the State through police
          investigative procedures from any co-defendant,
          accomplice, accessory, suspect or any other
          person having knowledge or information regard-
          ing the charge contained in this Indictment,
          whether or not such person is to be called as
          a prosecution witness on the trial of this
          cause, which contain or reflect information or
          evidence tending to exonerate the defendant, be
          of material importance to the defense or miti-
          gate or explain the complicity or involvement
          of the defendant on the trial of this cause.

     2.   All items requested in paragraphs 1 through
          and including 18 herein.

R. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

19) To provide defendant with copies of any and
all rights forms, affidavits of indigency,
and all other papers submitted to defendant
for his mark or signature by the authorities.

WHEREFORE, DEFENDANT PRAYS that the State show cause
on a date and at an hour to be assigned by the Court why the Court
should not order pre-trial inspection and oyer as set forth
herein.

M. Reggie Simmons
Assistant Public Defender
Appointed Counsel for Defendant
913 Washington Street
Franklinton, Louisiana   70438

SHERIFF:   Please serve the office of the District
Attorney at the Washington Parish Court-
house in Franklinton, Louisiana.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

STATE OF LOUISIANA

       VS.

DAVID LEE WILLIAMS

NUMBER  37,096

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

O R D E R

The foregoing being considered:

IT IS ORDERED that the State show cause on the ___25___ day of _____February_____ , 19_82_ , why oyer and pre-trial inspection and discovery should not be granted as prayed for.

Franklinton, Louisiana this __9__ day of __February__ 19_82_ .

_____
JUDGE

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

q

STATE OF LOUISIANA

VS.

DAVID LEE WILLIAMS

NUMBER 37,097

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

MOTION FOR PRE-TRIAL DISCOVERY;
ALTERNATIVELY, PRAYER FOR OYER

NOW INTO COURT, through undersigned counsel, comes the defendant, David Lee Williams       , who suggests to the court that he/she is entitled to oyer and pre-trial discovery in accordance with Louisiana Code of Criminal Procedure, Article 716 et seq, and as follows, to-wit:

1) To permit and authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before the Grand Jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the District Attorney.

2) To inform the defendant of the existence of any oral confession or statement of any nature, made by the defendant, which the District Attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.

3) To inform the defendant of the substance of any oral statement which the State intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.

4) To furnish the defendant with a copy of any record of his/her criminal arrest and convictions that is in the possession or custody of the District Attorney or any law enforcement agency operating within the parish of Washington.

5) To permit and authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the State, and which are either: (1) Favorable to the defendant and which are material and relevant to the issue of guilt or punishment; or (2) Intended for use by the State as evidence at the trial; or (3) Obtained from and belongs to the defendant.

6) To permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any

Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA 70438

16

results or reports, or copies thereof, of physi-
cal or mental examination, and of scientific
tests or experiments, made in connection with or
material to the instant case, that are in the
possession, custody, control or knowledge of the
District Attorney and intended for use at trial,
including exculpatory evidence, even though it is
not intended for use by the State at trial.

7)  To inform the defendant of the State's intent to
    offer evidence of the commission of any other
    crime admissible under the authority of R.S. 15:445
    or R.S. 15:446.

8)  To inform the defendant of the State's intent to
    use any hearsay statements of co-conspirators pur-
    suant to R.S. 15:455.

9)  To permit and authorize the defendant to inspect
    and copy, photograph or otherwise reproduce any
    relevant written or recorded confessions or
    inculpatory statements made by co-defendants and
    intended for use at trial, including exculpatory
    evidence, even though it is not intended for use
    at trial.

10) The names and addresses of all witnesses the
    State intends to call to testify on a trial of the
    merits, or of any motion or hearing, in this cause,
    as well as all records reflecting the criminal arrests
    and convictions of the said witnesses, including with-
    out limitation, juvenile arrests and convictions.

11) The "rights of arrestee form" used in connection
    with the obtaining of the above,whether said form
    is signed or unsigned by the defendant, and any
    affidavits of indigency and any rights forms
    presented to the defendant for his signature,
    regardless of whether he signed them, or not.

12) Any and all search and/or arrest warrants, affi-
    davits prepared in support of their issuance and
    inventories reflecting the product of the execu-
    tion of said search and/or arrest warrants that
    may have been employed by any law enforcement
    officer or official in connection with the investi-
    gation and prosecution of the charge contained in
    the Indictment.

13) Any "consent to search form" or other document
    purporting to authorized a warrantless search
    of any person, structure, vehicle or place wherein
    items of physical evidence and tangible property
    were obtained by any law enforcement officer or
    official for use as evidence on the trial of this
    cause.

14) Corporal line-up information:

    a.  The date, time and place any line-ups were
        conducted.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA 70438

b.  The names of the law enforcement officers
    or officials who conducted said line-up.

c.  Any documents purportedly signed by the de-
    fendant which seek to evidence or establish
    a waiver of any constitutional right afford-
    ed the defendant or co-defendants obtained
    by any law enforcement officer or official
    from the defendant contemporaneous with the
    conducting said line-up.

d.  A composite photograph of all persons standing
    in said line-ups indicating the names and ad-
    dresses of said persons.

e.  The names and addresses of all persons summon-
    ed by the State to make an identification of
    any person or persons standing in any said
    line-ups.

15)  Any and all medical reports of examinations con-
     ducted by the Coroner's office for the parish of
     Washington reflecting the medical condition of
     the victim named in this Indictment.

16)  Any and all handwriting exemplars, handwriting sam-
     ples, etc. from the defendant which were taken and/
     or which may be used at the trial of the merits of
     this cause, including without limitation all exem-
     plars or examples studied or examined by any ex-
     pert the State has used or will use.

17)  Any other handwriting samples or exemplars in the
     custody of the State which are or maybe used in
     connection with prosecution of this case, or which
     are or maybe exculpatory in nature.

18)  Brady vs. Maryland material.  Evidence materially
     favorable to the defendant either as direct or
     impeaching evidence including but not restricted
     to the following:

     1.  Written statements or interviews reduced to
         writing obtained by the State through police
         investigative procedures from any co-defendant,
         accomplice, accessory, suspect or any other
         person having knowledge or information regard-
         ing the charge contained in this Indictment,
         whether or not such person is to be called as
         a prosecution witness on the trial of this
         cause, which contain or reflect information or
         evidence tending to exonerate the defendant, be
         of material importance to the defense or miti-
         gate or explain the complicity or involvement
         of the defendant on the trial of this cause.

     2.  All items requested in paragraphs 1 through
         and including 18 herein.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA 70438

19) To provide defendant with copies of any and
all rights forms, affidavits of indigency,
and all other papers submitted to defendant
for his mark or signature by the authorities.

WHEREFORE, DEFENDANT PRAYS that the State show cause
on a date and at an hour to be assigned by the Court why the Court
should not order pre-trial inspection and oyer as set forth
herein.

M. Reggie Simmons
Assistant Public Defender
Appointed Counsel for Defendant
913 Washington Street
Franklinton, Louisiana  70438

SHERIFF: Please serve the office of the District
Attorney at the Washington Parish Court-
house in Franklinton, Louisiana.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

19

STATE OF LOUISIANA

VS.

DAVID LEE WILLIAMS

NUMBER 37,097

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

O R D E R

The foregoing being considered:

IT IS ORDERED that the State show cause on the _____25-th____
day of _____February_____ , 1982 , why oyer and pre-trial inspec-
tion and discovery should not be granted as prayed for.

Franklinton, Louisiana this __17__ day of __February__ ,
19_82_.

_____
JUDGE

Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

20

STATE OF LOUISIANA

VERSUS

DAVID LEE WILLIAMS

NUMBER 37,096

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

## MOTION FOR BILL OF PARTICULARS

Defendant, David Lee Williams, through his undersigned appointed counsel, moves to require the State to file a Bill of Particulars answering the following questions:

A. COUNT I, AGGRAVATED RAPE

1. At what time of the day or night did the alleged offense begin, and at what time did the alleged offense terminate? If unable to answer on this basis, please indicate the approximate time that the assailant entered the structure and at what time he exited the structure.

2. Where did the offense occur? Give the specific street number or address of the alleged site of the alleged offense.

3. How did the assailant gain entry?

4. Was the assailant invited to enter the structure, or did he gain entry forcibly through some means?

5. At the time of the commission of the alleged offense, did the assailant act rational or irrational?

6. At the time of the alleged offense, was the assailant's speech unusual, slurred, or otherwise remarkable?

7. At the time of the alleged offense, was the assailant coherent?

8. At the time of the alleged offense, was the assailant reeking or giving off the odor of alcohol?

9. What weapon or weapons were in the actual physical possession of the defendant during the alleged Aggravated Rape?

10. What use, if any, did the defendant allegedly make of the weapon during the commission of the alleged offense?

11. By what means and what acts of resistance did the victim allegedly resist the Aggravated Rape to the utmost? By what force was the alleged resistance overcome?

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA 70438

21

12. Was the victim prevented from resisting the act by force or acts of physical violence under circumstances where Ethel Thompson reasonably believed that such resistance would not prevent the rape?

13. Was the alleged rape anal sexual intercourse?

14. Was the alleged rape committed by vaginal sexual intercourse?

15. How did the assailant physically hold the said weapon or weapons while committing the alleged crime of Aggravated Rape? If the defendant did not actually hold the said weapon during the commission of the offense, indicate where the said weapon was in proximity to the defendant's person.

B.  COUNT II, ARMED ROBBERY

1. At what time of the day or night did the alleged offense begin, and at what time did the alleged offense terminate? If unable to answer on this basis, please indicate the approximate time that the assailant entered the structure and at what time he exited the structure.

2. Where did the offense occur?  Give the specific street number or address of the alleged site of the alleged offense.

3. How did the assailant gain entry?

4. Was the assailant invited to enter the structure, or did he gain entry forcibly through some means?

5. At the time of the commission of the alleged offense, did the assailant act rational or irrational?

6. At the time of the alleged offense, was the assailant's speech unusual, slurred, or otherwise remarkable?

7. At the time of the alleged offense, was the assailant reeking or giving off the odor of alcohol?

8. At the time of the alleged offense, was the assailant coherent?

9. What weapon or weapons were in the actual physical possession of the defendant during the alleged Armed Robbery?

10. What use, if any, did the defendant allegedly make of the weapon during the commission of the alleged offense?

M. Peggy Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

22

11. What objects or things of value did
the assailant take, itemizing each item
and assigning a value for each item?

12. What physical control did Ethel Thompson
have of each of the said objects at the
time of the commission of the offense?

13. What threats or intimidations did the
assailant allegedly make in order to
obtain the alleged theft?

14. How did the assailant physically hold the
weapon or weapons while committing the
alleged crime of Armed Robbery?  If the
defendant did not actually hold the
said weapon during the commission of
the offense, indicate where the said
weapon was in proximity to the defendant's
person.

15. In what room of the house was the alleged
victim at the time of the taking of the
said objects, describing where each of
the objects were in proximity to Ethel
Thompson at the time of their taking?

16. Were any of the said objects on the person
of Ethel Thompson when taken by the
assailant?

17. Was the defendant armed with a dangerous
weapon when he entered the structure, or
did he arm himself after entering the
structure?

CONSIDERING THE FOREGOING MOTION:

IT IS ORDERED that the State of Louisiana file the

Bill of Particulars requested in the foregoing motion on or prior

to the _25_ day of February, 1982, at 9:30 o'clock a.m., or

show cause on said date and hour why the Bill of Particulars

should not be filed.

Franklinton, Louisiana, this _17_ day of February,

1982.

_____          _____
M. Reggie Simmons                                    / JUDGE
Attorney for Defendant
913 Washington Street
Franklinton, Louisiana  70438

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

SHERIFF:   Please serve the office of the
District Attorney at the Washington
Parish Courthouse in Franklinton,
Louisiana.

23

STATE OF LOUISIANA                     NUMBER 37,096

VERSUS                                 22ND JUDICIAL DISTRICT COURT

DAVID LEE WILLIAMS                     WASHINGTON PARISH, LOUISIANA

<u>MOTION TO QUASH</u>

      NOW INTO COURT, through undersigned counsel, comes the defendant, David Lee Williams, who moves the Court to quash the Bill of Information herein for the following reasons:

1.

      The Bill of Information is contrary to the law and Constitution of the State of Louisiana and Constitution of the United States by providing excessive punishment and dispropor- tionate punishment for the alleged offenses. <u>Coker vs. Georgia</u>, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); <u>Gregg vs. Georgia</u>, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); <u>State vs. Williams</u>, 340 So.2d 1382 (La.S.Ct. 1977); <u>State vs. Goode</u>, 380 So.2d 1361 (La.S.Ct. <u>1980</u>); <u>Woodson vs. North Carolina</u>, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

      THE FOREGOING MOTION CONSIDERED:

      IT IS ORDERED that the State of Louisiana show cause on the _____ day of February, 1982, at 9:30 o'clock a.m., why the charge herein should not be quashed.

      Franklinton, Louisiana, this _11_ day of February, 1982.

_____          _____
M. Reggie Simmons                                    JUDGE
Attorney for Defendant
913 Washington Street
Franklinton, Louisiana  70438


SHERIFF:  Please serve the office of the District
          Attorney at the Washington Parish Court-
          house in Franklinton, Louisiana.

Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

A True Copy of Original
This _2-25-05_
by. _____
Dy. Clerk of Court

25

STATE OF LOUISIANA

VERSUS

DAVID LEE WILLIAMS

NUMBER 37,096

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

## MOTION TO REDUCE BAIL

Defendant, appearing herein through his undersigned appointed counsel, and on suggesting to the Court that the bail fixed in this case be reduced for the following reasons:

1.

The bail previously set at $105,000.00 is arbitrary and in excess of the amount which is necessary to reasonably assure the defendant's presence.

2.

The evidence against the defendant is not of suffi-cient weight to justify the amount at which bail is presently set.

3.

The defendant neither has adequate means to arrange his own bail in the amount fixed, nor has any friends or rela-tives who can or will arrange for bail in this amount.

4.

The defendant has indicated his willingness to give his oath and assurance that he fully intends to stand trial on the charges against him, that he will voluntarily make any and all required appearances, and that, further, while out on bail he will comply with whatever orders and restrictions the court places upon him.

5.

That the amount of bail necessary to reasonably assure the presence of the defendant is an amount of not more than $2,000.00.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

26

CONSIDERING THE FOREGOING:

IT IS ORDERED that the State of Louisiana show cause on the _____ day of February, 1982, at 9:30 o'clock a.m., why said motion should not be granted, reducing the amount of bail from $105,000.00 to an amount of not more than $2,000.00.

Franklinton, Louisiana, this ____//____ day of February, 1982.

_____          _____
M. Reggie Simmons                                              JUDGE
Attorney for Defendant
913 Washington Street
Franklinton, Louisiana  70438

SHERIFF:  Please serve the office of the District
          Attorney at the Washington Parish Court-
          house, Franklinton, Louisiana.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70438

STATE OF LOUISIANA

VERSUS

DAVID LEE WILLIAMS

NUMBER 37,096

22ND JUDICIAL DISTRICT COURT

WASHINGTON PARISH, LOUISIANA

### MOTION FOR A PRELIMINARY EXAMINATION

Defendant, David Lee Williams, through undersigned counsel, moves that a preliminary examination be held in this matter for the following reasons:

1.

Petitioner has been charged herein with a felony, but no indictment has been filed by a Grand Jury.

2.

Under the provisions of Code of Criminal Procedure Article 292, he is entitled to a preliminary examination, and said examination should be held in accordance with law.

3.

After said examination in the interest of justice, he should be discharged from his bail obligations.

CONSIDERING THE FOREGOING:

IT IS ORDERED that David Lee Williams be granted a preliminary examination herein and that same be heard on the _____ day of February, 1982, at 9:30 o'clock a.m., contradictorily with the State of Louisiana.

Franklinton, Louisiana, this _11_ day of February, 1982.

_____        _____
M. Reggie Simmons                                           JUDGE
Attorney for Defendant
913 Washington Street
Franklinton, Louisiana   70438


SHERIFF:   Please serve the office of the District
           Attorney at the Washington Parish Courthouse
           in Franklinton, Louisiana.

M. Reggie Simmons
ATTORNEY AT LAW
FRANKLINTON, LA. 70436

28

STATE OF LOUISIANA      22ND JUDICIAL DISTRICT COURT

VERSUS NO. 37,096      PARISH OF WASHINGTON

DAVID LEE WILLIAMS      STATE OF LOUISIANA

ANSWER TO PRE-TRIAL DISCOVERY; ALTERNATIVELY,
PRAYER FOR OYER

NOW INTO COURT, through the undersigned Assistant District Attorney, comes the State of Louisiana and for answer to the Defendant' Pre-Trial Discovery, alternatively, Prayer for Oyer filed herein.

1. For answer to Defendant's Prayer for Oyer for questions #1-19, the State will allow Inspection, review, and photo-copying by defense counsel it's entire case file at such time and place as is convenient for counsel in defense. All physical evidence in possession of State may be examined at Franklinton Police Department as the case may be at such time may be convenient for defense counsel.

WHEREFORE, the State of Louisiana prays that these answers be deemed good and sufficent.

_____
WILLIAM J. KNIGHT
Assistant District Attorney
Washington Parish Courthouse
Franklinton, Louisiana  70438

C E R T I F I C A T E

I HEREBY CERTIFY, that a copy of the foregoing answer has been served on the Hon. M. Reggie Simmons, Washington Street, Franklinton, La.

Franklinton, Louisiana, this 25th day of February, 1982.

_____
WILLIAM J. KNIGHT
Assistant District Attorney
Washington Parish Courthouse
Franklinton, Louisiana  70438

33

DAVID LEE WILLIAMS                                                   STATE OF LOUISIANA

| DATE | CHRONOLOGICAL INDEX | PAGE |
|------|---------------------|------|
|  | EXTRACT OF MINUTES | 1-2 |
| 1-7-82 | BILL OF INFORMATION (AGGRAVATED RAPE AND ARMED ROBBERY) | 3-4 |
|  | MOTION FOR PRE-TRIAL DISCOVERY; ALTERNATIVELY, PRAYER FOR OYER | 5-9 |
| 2-10-82 | NOTICE OF ASSIGNMENT AND SHERIFF RETURNS | 10-12 |
| 2-11-82 | NOTICE OF ASSIGNMENT AND SHERIFF RETURNS | 13-15 |
| 2-17-82 | MOTION FOR PRE-TRIAL DISCOVERY,ALTERNATIVELY, PRAYER FOR OYER | 16-20 |
| 2-17-82 | MOTION FOR BILL OF PARTICULARS | 21-23 |
| 2-18-82 | NOTICE OF ASSIGNMENT | 24 |
|  | MOTION TO QUASH | 25 |
|  | MOTION TO REDUCE BAIL | 26-27 |
|  | MOTION FOR A PRELIMINARY EXAMINATION | 28 |
| 2-23-82 | NOTICE OF ASSIGNMENT AND SHERIFF RETURNS | 29-32-3 |
|  | ANSWER TO PRE-TRIAL DISCOVERY | 33 |
| 3-9-82 | NOTICE OF ASSIGNMENT | 34 |
| 3-16-82 | THE VERDICT FROM THE JURY | 35 |
| 5-17-82 | MOTION TO APPEAL | 36 |
|  | NOTICE OF APPEAL | 37 |
|  | TRANSCRIPT ON SENTENCING MAY 17, 1982 | 38-39 |
|  | CERTIFICATE | 40 |
|  | TRANSCRIPT VOLUME II | 41 |

EXTRACT OF MINUTES
JANUARY 28, 1982
JUDGE JAMES R. STRAIN, JR.
PRESIDING

Defendant Present, with counsel M. R. Simmons the Bill being Read;
Advised of Rights, Arraigned - Plead not Guilty; Set for Trial to be Assigned;
30 days to file Pleadings.

EXTRACT OF MINUTES
FEBRUARY 25, 1982
JUDGE THOMAS W. TANNER
PRESIDING

This cause came on to be heard on Motion for Preliminary Examination,
Motion to Reduce Bail, Motion to Quash. Present, William J. Knight, Assistant
District Attorney, M. R. Simmons attorney for the defendant and the defendant
David Lee Williams. At this time, the State amends the Bill to delite 14:50.1.
Whereupon, testimony, for the State was begun and the following witnesses were
called and sworn: Harold Varnado and Ethel Thompson. Whereupon, the State
rested. Whereupon, the Court found probable cause to hold the defendant. At
this time, Mr. Simmons objected to the Courts ruling.

*filed*
*2-18-82*

EXTRACT OF MINUTES
MARCH 15, 1982
JUDGE HILLARY J. CRAIN
PRESIDING

This cause came on for trial pursuant to previous assignment. Present,
William J. Knight, Assistant District Attorney. Tom Ford adn Sam Collett,
co-counsel for the defendant David Lee Williams and the Defendant. David Lee
Williams. At this time, on motion of Mr. Knight the Court severs the charges
and Continues Count II, and proceds with the trial on Count I. Whereupon, the
following named Jurors were impaneled and sworn:

1. Julie C. Croswell
2. Freda Jones
3. Patricia Slaven
4. Helen J. Carroll
5. William Boutwell
6. Donna Brooks
7. Daniel Freeman
8. John W. Alford
9. Audrey Barber
10. Willie J. Harper
11. Christine Graves
12. W. J. Bell

herein. At this time, Mr. Knight amends the date on the Bill from January 3 1981 to January 3, 1982. The defense accepts the amendment to the Bill and States to the Court that the date of January 3, 1982 was stated in the Bill of Particulars. Whereupon, the clerk read the Bill of Information and the former plea of not guilty entered by the defendant. Whereupon, Mr. Knight made his opening statement to the Jury. At this time, Mr. Ford waived opening statement to the Jury. Whereupon, testimony for the State was begun and the following witness was called and sworn: Mrs. Ethel Thompson. in connection with this witnesses testimony the State offered, introduced and filed into evidence State #1 Envelope of money containing 2 one hundred dollar bills 4 twenty dollar bills, 1 five dollar bill and 1 one dollar bill; State #2 Pink Bath Robe and State #3 Top Sheet taken from Mr. Thompson's Bed. Whereupon, testimony for the State was resumed and the following witness was called and sworn: Susan Stogner. In Connection with this witnesses testimony the State offered introduced and filed tinto evidence State #4 Blood Sample of Mrs. Ethel Thompson. Whereupon, testimony for the State was resumed and the following witnesses were called and sworn: Patricia Magee, J. W. Magee and Tonya Bickham. In connection with Ms. Bickham's testimony the State offered filed and introduced into evidence State #5 Rape Kit from Riverside Medical Center received by Ms. Bickham from Dr. Wickboldt. Whereupon, testimony for the state was resumed and the following witness was called and sworn: Det. Harold Varnado. In connection with this witnesses testimony the State offered filed and introduced into evidence State #6 Rape Kit received from Riverside Medical Center and taken to the Crime Lab by Det. Varnado, STate #7 underwear of David Lee Williams. Whereupon, testimony for the state was resumed and the following witnesses were called and sworn: Denver Miller and Chief Wade Bateman. In connection with the testimony of Chief Bateman the State offered introduced and filed into evidence State #8 Outer Wrapping of Package from State Crime Lab. At this time, the Court instructed the Jury not to discuss this matter and hereby adjourned Court until 9:30 A.M. Tuesday morning.

EXTRACT OF MINUTES

MARCH 16, 1982
JUDGE HILLARY J. CRAIN
PRESIDING

This cause came on for trial after having been partially heard on Monday. Present, William J. Knight, Assistant District Attorney, Tom Ford and Sam Collett, attorneys for the defendant, David Lee Williams and the defendant, David Lee Williams. Whereupon, testimony for the State was resumed and the

to the utmost, but the person's
resistance was overcome by force, or
the person was prevented from
resisting the act of vaginal sexual
intercourse by threats of great and
immediate bodily harm accompanied by
apparent power of execution.  Sexual
intercourse is deemed to have taken
place even though emission did not
occur.  Any vaginal sexual penetration
however slight, is sufficient.  Thus,
in order to convict the defendant
of aggravated rape, you must find,
first, that the defendant committed
an act of vaginal sexual intercourse
with Ethel Thompson without the lawful
consent of Ethel Thompson, and,
secondly, that Ethel Thompson was a
person who was not the defendant's
spouse.  Thirdly, that Ethel Thompson
resisted to the utmost, but her
resistance was overcome by force or
Ethel Thompson was prevented from
resisting by threats of great and
immediate bodily harm with the
apparent power of execution.  The
defendant is charged with aggravated
rape.  In order to convict the
defendant of the offense charged, you

- 179 -

You are not to consider the bill of
information as evidence against the
defendant.  The mere filing of a
bill of information creates no
inference whatsoever that the
defendant is guilty.  Statements and
arguments made by attorneys are not
evidence.  In the opening statement
the attorneys were permitted to
familiarize you with the facts they
expected to prove.  In closing
arguments the attorneys were permitted
to present for your consideration
their contentions regarding what the
evidence has shown or not shown and
what conclusions they think may be
drawn from the evidence.  The opening
statements and the closing arguments
are not to be considered as evidence.
You are not to be influenced by
sympathy, passion, prejudice, or
public opinion.  You are expected to
reach a just verdict. [The defendant
is charged with the aggravated rape
of Ethel Thompson.  Aggravated rape
is an act of vaginal sexual intercourse
with a person who is not the spouse of
the defendant and without the person's
lawful consent when the following is
present:  First, the person resisted
the act of vaginal sexual intercourse

- 178 -