UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID LEE WILLIAMS**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 07-9724**

**BURL CAIN, WARDEN**                                    **SECTION "K"(6)**

### TRANSFER ORDER

Petitioner, DAVID LEE WILLIAMS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1982 state court conviction and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1) Petitioner's prosecution for aggravated rape was not properly initiated by grand jury indictment;

2) The trial court gave erroneous jury instructions;

3) Petitioner was denied effective assistance of counsel during trial, at sentencing and on appeal;

4) There was insufficient evidence to convict him;

5) Prosecutorial misconduct;

6) The State withheld Brady material.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>David Lee Williams v. Louisiana State Penitentiary</u>, Civil Action 89-0521 "G"(1). In that petition, petitioner claimed that the evidence was insufficient to convict him. That petition was denied with prejudice on the merits by Judgment entered February 15, 1990. Petitioner appealed the judgment. His motion for certificate of probable cause was denied on March 21, 1990. (Rec. Doc. No. 11).

Petitioner filed a second petition for writ of habeas corpus related to this same conviction and sentence entitled <u>David Lee Williams v. Burl Cain</u>, Civil Action 01-2048 "G"(1). In that petition, petitioner claimed that he was denied due process when the State instituted prosecution and proceeded to trial without having petitioner indicted by a grand jury. The petition was considered to be second or successive as described by 28 U.S.C. § 2244, and transferred to the United States Fifth Circuit Court of Appeals as a motion for authorization to proceed in the district court. The motion was denied. (Rec. Doc. No. 6).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that DAVID LEE WILLIAMS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___20th___ day of ___February___, 2008.

_____
UNITED STATES DISTRICT JUDGE